IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ESHED ALSTON,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               ) Civ. No. 13-483-SLR
                                       )
WILLIAM W. PEPPER, SR., et al.,        )
                                       )
            Defendants.                )

---

Eshed Alston, Dover, Delaware.  Pro se Plaintiff.

William W. Pepper, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware.
Counsel for Defendants.

---

**MEMORANDUM OPINION**

Dated: November  4 , 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Eshed Alston ("plaintiff") proceeds pro se and has paid the filing fee. He filed this lawsuit on March 27, 2013 pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. (D.I. 1) Presently before the court are defendants' motion to dismiss (D.I. 8) and plaintiff's motion for summary judgment (D.I. 10), motion for discovery (D.I. 12), and motion to sever (D.I. 15). The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the court will grant defendants' motion and will deny plaintiff's motions.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff alleges violations of his civil rights and right to due process, in part, pursuant to the Delaware Rules of Professional Conduct. The alleged violations are described as a "racially motivated disrespectful denial of freedom of religion and regarding other incorporated noted purposeful illegal acts and material twisted activities perpetrated by the defendant Kent County and its legal agent William Pepper and Schmittinger and Rodriguez a Delaware law firm." (D.I. 1, ¶ 1) More particularly, plaintiff alleges that defendant William W. Pepper ("Pepper") caused to be filed and sent to plaintiff's residence "documents known to be false and provocative and also to be [an] attack on [plaintiff's] religion and associated name Eshed."[1] (*Id.* at ¶ 2) The complaint alleges that plaintiff's name has religious importance. While not clear, it appears that Pepper filed documents with plaintiff's former name of Jerry Lee Alston, not his current legal name of Eshed J. L. Alston. Plaintiff alleges this is discrimination

---

[1]Plaintiff was formerly known as Jerry Lee Alston. (*See* D.I. 4, ex. 4) His name was legally changed on March 23, 2010 to Eshed J. L. Alston. (*Id.* at ex. 5)

based upon race. The complaint does not indicate when or where the alleged actions occurred. Plaintiff seeks five hundred million or one billion dollars in damages.

Defendants move to dismiss on the grounds of insufficiency of process and for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion.

## III. MOTION TO DISMISS LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(5)

A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) imposes a 120-day time limit for perfection of service following the filing of a complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the action is subject to dismissal without prejudice. *Id. See also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

### B. Fed. R. Civ. P. 12(b)(6)

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Such a determination is a context specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Service

In reviewing the court docket, it is evident that plaintiff did not properly effect service upon defendants. *See* Fed. R. Civ. P. (b), (c), (e), (h), and (j)(2). Under Rule 12(b)(5), the court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, the court chooses not to dismiss the complaint pursuant to Rule 12(b)(5), and instead will consider the substantive arguments for dismissal.

## B. Failure to State a Claim

Initially the court notes that a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). The complaint does not meet that standard as it does not indicate where the alleged acts took place or when they occurred.

### 1. 42 U.S.C. § 1981

By its terms, § 1981 provides a private cause of action for discrimination by private actors and discrimination under color of state law. *See* § 1981(a), (c). With regard to defendant Kent County ("Kent County"), "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009).

In order to succeed on a claim under § 1981, a plaintiff must demonstrate: "(1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981 (*i.e.*, the right to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens). *See Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002) (quotation omitted).

The § 1981 claims fails to state a claim upon which relief may be granted. Absent from the complaint are any allegations regarding one or more activities enumerated in

4

the statute. Therefore, the court concludes that plaintiff has failed to state a claim for
the violation of 42 U.S.C. § 1981 and will grant the motion to dismiss the claim.[2]

### 2.  42 U.S.C. § 1983

The allegations against Pepper and the law firm of Schmittinger & Rodriguez
("Schmittinger & Rodriguez") appear to arise out of their representation of Kent County.
Even liberally construing the complaint, as the court must, it is clear that plaintiff's
§ 1983 claims against Pepper and Schmittinger & Rodriguez do not rise to the level of
pleading required by *Iqbal*.

Section 1983 provides that every person who, under color of any statute,
ordinance, regulation, custom, or usage, of any State or Territory or the District of
Columbia, subjects . . . any citizen of the United States . . . to the deprivation of any
rights, privileges, or immunities secured by the Constitution and laws, shall be liable to
the party injured in an action at law, suit in equity, or other proper proceeding for
redress.  42 U.S.C. § 1983.  To state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the Constitution or laws of the United
States and, second, that the alleged deprivation was committed or caused by a person
acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

As it is clear from the complaint, any violations of plaintiff's constitutional rights
cannot be attributed to Pepper and Schmittinger & Rodriguez, as plaintiff cannot show
that those defendants were acting within the color of state law.  Indeed, private

---

[2]Even were the court to recognize a cause of action under § 1981 against Kent
County, plaintiff's claim against it fails as the complaint does not allege that the
discrimination he allegedly suffered was pursuant to an official policy or custom of Kent
County.

defendants are not  public entities or officials subject to the purview of § 1983.  *See*
*Catanzaro v. Collins*, 2010 WL 1754765 (M.D.Pa. Apr. 27, 2010) ("Private attorneys and
public defenders are generally not considered state actors for § 1983 purposes when
acting in their capacities as attorneys."), *aff'd*, 447 F. App'x 397 (3d Cir. 2011)
(unpublished); *see also Polk County v. Dodson*, 454 U.S. 312 (1981)) ("[a]ttorneys
performing their traditional functions will not be considered state actors solely on the
basis of their position as officers of the court.").  Therefore, the court will grant the
motion to dismiss the § 1983 claims against the non-state defendants as they fail as a
matter of law.

To state a § 1983 claim against Kent County, plaintiff must identify a county
policy or custom that caused the his injury.  *Monell v. New York City Dep't of Soc.*
*Servs.*, 436 U.S. 658, 689 (1978).  A policy or custom must be established by "showing
that a governmental policymaker is responsible by action or acquiescence for the policy
or custom." *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 250 (3d Cir. 2007).  The
complaint has no such allegations and, therefore, the court will dismiss the § 1983 claim
against Kent County.

### 3.  42 U.S.C.§ 1985

Plaintiff invokes 42 U.S.C. § 1985, but does not indicate under which section of
the statute he proceeds.  There are three statutorily created categories under 42 U.S.C.
§ 1985 from which a claim for conspiracy to interfere with a plaintiff's civil rights can
emanate:  (1) preventing an officer from performing duties; (2) obstructing justice or
intimidating a party, witness or juror; and (3) depriving a plaintiff of rights or privileges.
*See* 42 U.S.C. § 1985.  Essential to any § 1985 claim is the existence of a conspiracy.

6

*See Id.* This requires plaintiff to set forth "specific factual allegations that demonstrate collusion or concerted action among the alleged conspirators." *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).

Here, the complaint does not indicate the section of § 1985 that was allegedly violated. Nor does it set forth factual allegations that demonstrate collusion or concerted action among the alleged conspirators. Finally, absent from the complaint is any assertion by plaintiff of action taken by defendants in violation of plaintiff's civil rights. While plaintiff alleges that civil rights and due process violations, he does so in a conclusory manner by claiming his constitutional rights were violated by the use of his former name. This alleged act falls far short of a constitutional violation. Even a liberal interpretation of the complaint fails to reveal any allegations that any of the named defendants conspired to deprive plaintiff of the equal protection of the laws or that plaintiff suffered any injury. As such, the complaint fails to state a claim under § 1985 and the motion to dismiss will be granted.

## V. MISCELLANEOUS MOTIONS

The court will deny plaintiff's motion for summary judgment (D.I. 10) and motion for discovery (D.I. 12) as moot. Plaintiff's motion to sever (D.I. 15) Delaware Superior Court Action Civ. No. 10-C-06-026 will be denied. The instant complaint is not joined with any other lawsuits.

## VI. CONCLUSION

For the above reasons, the court will grant defendants' motion to dismiss (D.I. 8) and will deny plaintiff's motions (D.I. 10, 12, 15).  Given plaintiff's pro se status, he will be given one opportunity to amend the complaint and to properly effect service.

An appropriate order will issue.

8